■ 1400 BROADWAY ASSOCIATES LLC, Respondent, v 112-1400 TRADE PROPERTIES LLC, Appellant. [968 NYS2d 476]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered July 31, 2012, inter alia, declaring that plaintiff tenant is not in default under or in breach of the parties' lease as alleged in the December 2, 2008 notice to cure, dismissing defendant landlord's counterclaims, and discharging and releasing plaintiff's undertaking, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 19, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The work identified in defendant's December 2, 2008 notice to cure was not subject to the notice and consent requirements of article 9 of the parties' commercial lease, which, read as a whole, requires notice to, and the consent of, the lessor only with respect to work that (1) constitutes a structural change, alteration or restoration to the building; (2) costs more than $200,000 in the aggregate; and (3) is not a necessary repair or required to comply with the law, pursuant to articles 7 and 8 of the lease (see *112 W. 34th St. Assoc., LLC v 112-1400 Trade Props. LLC*, 95 AD3d 529, 533 [1st Dept 2012] [interpreting a lease containing materially indistinguishable provisions], *lv denied* 20 NY3d 854 [2012]). Defendant does not dispute that the work described in items 1 through 7 of the notice to cure fell within the purview of article 7 or article 8 and therefore is not subject to the notice and consent requirements of article 9. Rather, it argues that the notice and consent requirements of article 9 are applicable to all alterations and all restorations of whatever kind, regardless of whether they were performed pur-

suant to plaintiff's obligations under article 7 or article 8 or whether they involved a "structural" change, alteration or restoration. This argument ignores the plain terms of the lease.

The motion court properly calculated the total estimated cost of the work described in items 8 and 9 of the notice to cure by aggregating the costs associated with those items only. Since items 1 through 7 were not subject to the notice and consent requirements of section 9.01 (a) of the lease, which pertains to "any structural change or alteration or restoration involving in the aggregate an estimated cost of more than [$200,000]," to include their costs would impermissibly rewrite the terms of the lease (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). Moreover, defendant offered no competent evidence to refute plaintiff's showing that the estimated cost of the work described in items 8 and 9 was no more than $45,000. Given that the challenged work did not meet the required monetary threshold, we need not consider defendant's argument that its expert's affidavit raised an issue of fact whether the installation of a new canopy in front of the building constituted "structural" work.

We have considered defendant's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Renwick, De-Grasse, Manzanet-Daniels and Feinman, JJ.